IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV118-1-MU

KEVIN M. BAILEY,           )
                           )
        Plaintiff,         )
                           )
        v.                 )           **O R D E R**
                           )
JACK O'CONNOR,             )
                           )
        Defendant.         )
_____)

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed June 11, 2010.

In his Complaint Plaintiff alleges that on November 19, 2009, he was arrested on trafficking charges that were ultimately dismissed. Plaintiff further alleges that at the time he was arrested several items were seized from him. Plaintiff asserts that, in violation of his due process rights, officers have refused to return his property to him.

Plaintiff's Complaint fails to state a constitutional claim because the due process clause is not violated if a meaningful post-deprivation remedy for the loss is available. Plaintiff is alleging that the law no longer authorizes the retention of his seized property. Section 15-11.1 of the North Carolina General Statutes provides a post-deprivation remedy for property lawfully seized by a law enforcement officer. Plaintiff provides no evidence whatsoever that he attempted to avail himself of this process and as such he has failed to state a constitutional claim. See Hudson v. Palmer, 468 U.S. 517 (1984)(no due process claim arises with an unauthorized

intentional property deprivation unless or until the state fails or refuses to provide a suitable post-deprivation remedy); see also Carter v. Bone, No. 309-779, 2010 WL 558598 (D.S.C. Feb. 10, 2010); Corbett v. Hager, No. 05-3537, 2007 WL 28991 (D.S.C. Jan. 3, 2007). Consequently, Plaintiff's Complaint is dismissed.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED without prejudice**.

Signed: June 16, 2010

Graham C. Mullen
United States District Judge